ALLEN F. HAND AND OTHERS, APPELLANTS, *v.* LOUISA C. BURROWS AND OTHERS, RESPONDENTS.

*Evidence—when a commission may issue to take the testimony of one committed to a lunatic asylum.*

A commission may be issued to take the testimony of one committed to a lunatic asylum in another State, on the ground of insanity, but, upon the trial of the action the return thereto must be first submitted to the presiding justice, who shall determine, on an examination of the answers therein contained, and of such witnesses having knowledge of the subject, as may be produced before him, whether or not the mental condition of the witness is such as to render his testimony admissible in evidence.

APPEAL from an order, made at Special Term, denying a motion for a commission to take the testimony of Frank L. Taintor, an inmate of a lunatic asylum at Concord, New Hampshire.

*S. P. Nash,* for the appellants.

*C. E. Tracy,* for the respondents.

Brady, J. :

It appears that upon the original application for the commission it was shown in answer, that Taintor had been regularly committed for insanity, and thereupon a preliminary inquiry was ordered as to his fitness to be examined as a witness on commission. Upon the evidence taken upon such inquiry the plaintiff's motion was renewed and denied.

The rule to be observed, in reference to taking the testimony of a witness alleged to be insane, requires the examination by the judge presiding at the trial of the lunatic himself, and of any competent witness who can speak of the nature and extent of his insanity, in order to ascertain his mental condition. This rule contemplates the presence of the witness in court at the trial. In this case the personal attendance of the witness cannot be enforced by any process which this court can call into requisition, and the question presented *in limine* is whether the contemplated presence of the witness can be dispensed with, and his mental condition investigated, by a perusal of his examination and cross-examination obtained by the commission, and of such witnesses as may be produced having knowledge of the subject. It is undoubtedly necessary that the judge presiding at the trial shall, in the first instance, declare whether the witness is competent to testify. All the authorities seem, as already stated, to make this a preliminary requisite.

In considering the rule, an embarrassment at once presents itself, because, if the presence of the witness be held to be indispensable, then the party seeking his testimony must lose the supposed benefit of it from the inability to compel his attendance, which does not seem to be a just result; and his can only be avoided by issuing the commission, and upon its return, and at the time of its presentation to the justice presiding at the trial, then initiating the investigation already suggested as to the mental condition of the witness. This may be done, as already suggested, by an examination of his answers, and by the testimony of other witnesses who have information on the subject.

The general rule already stated is sustained by the following authorities : *Regina* v. *Hill*, 5 Cox C. C., 259 ; *People* v. *New York Hospital*, 3 Abb. New Cas., 229, note ; *Spittle* v. *Walton*,

L. R., 11 Eq., 420; *Brush's Case*, 3 Abb. New Cas., 225; *Holcomb* v. *Holcomb*, 28 Conn., 177; *Mutual Life Ins. Co.* v. *Hunt*, 14 Hun, 169.

The rule not amounting to an absolute denial of the right to examine a lunatic, it would seem to be impossible to deprive a party of the machinery of a commission. His adversary, in such a case, must rely upon the alleged insanity, and receive all the advantages to be derived from it, so far as it affects the credibility of the witness and the reliance that should be placed upon his testimony. We see no other course than to allow the commission, subject to the inquiry which must be made when the return is offered in evidence.

For these reasons we think the order must be reversed and the commission granted, without costs.

DAVIS, P. J., and BARRETT, J., concurred.

Order reversed and commission granted, without costs.